## MANDELTHORD et v. UNION INDEMNITY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9074. Decided Sept. 17, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**INSURANCE.**

(310 Pb) Failure to keep books and accounts as provided by terms of policy of theft insurance, not excused by provisions of 9391 GC.

Keeping of record on sheet of paper instead of book, not sufficient to defeat policy. If sheet of paper comprises facts sufficient to figure loss.

Sheet of paper and evidence in connection therewith, which is so vague and indefinite that it is impossible to determine amount of loss under policy, not sufficient.

Error to Municipal Court.
Judgment affirmed.

Siegel & Siegel, Cleveland, for Mandelthord, et.

A. E. Sweigert and Leighley, Halle, Haber & Berick, Cleveland, for Ind. Co.

### STATEMENT OF FACTS.

The plaintiff, Mandelthord, brought an action against The Union Indemnity Company, for the recovery of $1000.00 claimed to be due upon what is known as a "burglary and robbery policy" and the claim was made that on March 26, 1927, plaintiff had been robbed of an amount in excess of that named in the policy. The answer of defendant raised two grounds of affirmative defense, to-wit, that the plaintiff had wilfully given a false answer to a question set forth in Schedule 11, of the policy, that the assured had not sustained any similar loss within the last five years, and it was averred that as a matter of fact such a loss had been sustained within a period of two years, and the other affirmative defense is that the insured violated Section 6,—(d) of the special agreement contained in the policy and we quote therefrom as follows:

"The company shall not be liable for any loss unless books and accounts are kept by the assured and the loss can be accurately determined therefrom by the company."

A verdict was directed upon motion of defendant, in favor of defendant, The Union Indemnity Co., and the ground given was because of the alleged violation of the clause relating to books and accounts above quoted. Therefore the question arises, "Did the court commit prejudicial error by directing a verdict for the defendant, because of the failure to comply with this clause?"

Evidence was offered in the way of an Exhibit, consisting of a single sheet of paper written on both sides by plaintiff which they claim, through able counsel, is a sufficient fulfillment of the requirement that plaintiff shall keep books and accounts which accurately determine the property on hand and the losses arising because of the robbery.

SULLIVAN, PJ.

We have examined the sheet of paper and the evidence of the plaintiff in connection with it, and have come to the conclusion that it is so vague and indefinite as to the property which plaintiffs had on hand at the time of the robbery and which they claim was stolen, that it is impossible accurately or otherwise, to determine the amount of the loss under the policy. It is admitted that this sheet of paper is the only written evidence that in any manner attempts to conform to that clause in the policy which requires the keeping of books and accounts, so that an accurate determination may be made of the property on hand and the property stolen.

If the contents of the exhibit in question furnished accurate information by which the loss could be determined, it is our judgment that because the exhibit is a sheet of paper, instead of a book, it is not sufficient to defeat the policy, if the sheet of paper comprised facts sufficient to figure the loss. We think that the conditions of the policy would be practically fulfilled but the exhibit has no such character and from the evidence of plaintiff, as bearing upon the exhibit, it is clear that he himself was not able to determine from the exhibit itself, with the accuracy required by the provisions of the policy, the loss of the nine diamonds in question.

The plaintiff in error quotes Section 9391 GC., where it is said that the insurance company may not avail itself of certain defenses such as misrepresentations and failure to comply with the conditions of the policy.

We think the record in the case is sufficient to show that the absence of the books and accounts is material and there is no other conclusion can come from the record but that the company would not have insured the plaintiff had it known that he would not comply with that clause in the policy requiring books and accounts of an accurate nature in order to determine the loss, and it is obvious that this is so, for the insurance company would not imperil itself by engaging to pay losses on insurance policies without any accurate data excepting the memory of the insured. This is especially so when, coupled with a bad memory, there may be an impure motive. There is no evidence in this case, however, of impure motives and the defendant relies solely upon a failure to comply with the conditions of the policy with reference to books and accounts.

Holding these views the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)